**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2404
_____

SAMMY MUNGAI GICHUHI,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(Agency No. A099-256-505)
Immigration Judge:  Walter A. Durling
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 14, 2020
_____

Before:  CHAGARES, SCIRICA, and ROTH, Circuit Judges.

(Filed: July 17, 2020)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

Sammy Mungai Gichuhi petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of his application for cancellation of removal. For the following reasons, we will dismiss the petition for lack of jurisdiction.

I.

We write for the parties and so recount only the facts necessary to our decision. Gichuhi is a citizen of Kenya who first entered the United States in 1998 on a visitor visa. In 2004, he married Erica Jones, a U.S. citizen. In 2006, Gichuhi applied for adjustment of status based on an alien relative petition filed by his wife. Gichuhi listed no children on his application. The Department of Homeland Security ("DHS") granted his application in 2008.

In 2012, Gichuhi filed a naturalization application on which he listed two children. Gichuhi indicated that his children were born in 1995 and 2003 — before he married Jones and well before he submitted his adjustment application.

In 2014, Gichuhi was convicted of making a false statement on his naturalization application. Specifically, he was convicted of falsely indicating that he had been married to and living with his wife, Jones, for three years prior to his application. United States Citizenship and Immigration Services then denied Gichuhi's naturalization application because (1) he failed to respond to a second request for evidence and (2) he was not a lawfully admitted permanent resident because he had obtained permanent resident status through a fraudulent marriage.

2

In September 2016, Gichuhi was detained by DHS upon reentering the United States after foreign travel. DHS charged Gichuhi with removability based on his conviction for making a false statement on his naturalization application, which qualifies as a crime involving moral turpitude. The IJ sustained the charge, and Gichuhi sought cancellation of removal under 8 U.S.C. § 1229b(a).

Before the IJ, the Government argued that Gichuhi was not eligible for cancellation of removal because he had made a willful and material misrepresentation in his adjustment application by omitting the fact that he had two children with a woman other than Jones. The Government contended that this omission shut off a line of inquiry into Gichuhi's adjustment application that could have resulted in his application being denied. As a result, the Government alleged, Gichuhi was inadmissible at the time he adjusted to permanent resident status, and thus ineligible for cancellation of removal now.

The IJ concluded that Gichuhi established a prima facie case for cancellation of removal, shifting the burden to the Government to demonstrate that Gichuhi was inadmissible. The IJ concluded that the Government failed to meet its burden because "having children would not alone expose [Gichuhi] to any potentially exclusionary bars" that would render him ineligible for cancellation of removal. Administrative Record ("A.R.") 883. The IJ further found that it was "purely speculative" that Gichuhi's listing his children properly on his adjustment application would have led to further inquiry into whether Gichuhi was eligible for status adjustment. A.R. 884. The IJ then granted Gichuhi cancellation of removal.

3

The Government appealed to the BIA. While the appeal was pending, the BIA held in a separate case that a misrepresentation is "material" under 8 U.S.C. § 1182(a)(6)(C)(i) "when it tends to shut off a line of inquiry that is relevant to the alien's admissibility and that would predictably have disclosed other facts relevant to his eligibility for a visa, or other documentation, or admission to the United States." Matter of D-R-, 27 I&N Dec. 105, 113 (BIA 2017). In another case, the BIA held that where a record contains "some evidence" from which "a reasonable factfinder could conclude that one or more grounds for mandatory denial of the application [for cancellation of removal] may apply, the alien[] bears the burden under 8 C.F.R. § 1240.8(d) to prove by a preponderance of the evidence that such grounds do not apply." Matter of M-B-C-, 27 I&N Dec. 31, 37 (BIA 2017).

In light of these decisions, the BIA vacated the IJ's order granting Gichuhi cancellation of removal, holding that the IJ did not properly place the burden on Gichuhi to prove that he was not inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i). The BIA concluded that remand was warranted because "the record contains some evidence from which a reasonable factfinder could conclude that [Gichuhi's] omission of his children was willful and material," which would make him inadmissible at the time he applied for status adjustment, and thus, ineligible for cancellation of removal. A.R. 137. The BIA identified a variety of record evidence tending to show that Gichuhi lived with his children and maintained a fraudulent marriage to Jones at the time he applied for a status adjustment. The BIA directed the IJ to "determine whether [Gichuhi] has proved by a preponderance of the evidence under 8 C.F.R. § 1240.8(d) both that he did not know that

4

[the two children he omitted] were his children in December 2006, and that the omission of his children on his application for adjustment of status did not shut off a line of inquiry into the legitimacy of his marriage." A.R. 138 (citing Matter of D-R-, 27 I&N Dec. at 105).

On remand, the IJ concluded that Gichuhi failed to show by a preponderance of the evidence that the omission of his children from his adjustment application was not willful and material, and thus, Gichuhi failed to show that a mandatory bar to cancellation of removal did not apply. As a result, the IJ denied his application for cancellation of removal. The BIA adopted and affirmed the IJ's decision and dismissed Gichuhi's appeal. Gichuhi timely filed a petition for review, and we granted Gichuhi's motion for a stay of removal while we considered his petition.

II.

We have jurisdiction under 8 U.S.C. § 1252(a) to review a final order of removal. Although we are stripped of that jurisdiction when an order is based on convictions for certain criminal offenses, such as Gichuhi's, 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction under § 1252(a)(2)(D) to the extent that Gichuhi raises questions of law.

However, we lack jurisdiction over Gichuhi's petition for a separate reason: because he failed to raise the issues in his petition before the BIA. He makes two legal arguments in his petition. First, Gichuhi argues that the definition of "material" that the BIA promulgated in Matter of D-R- and applied to his case, conflicts with the Supreme Court's definition of "material." Second, he argues that the IJ and BIA applied the wrong

5

burden-shifting framework, which erroneously triggered his burden to rebut the Government's case against him.

In Abdulrahman v. Ashcroft, 330 F.3d 587, 594–95 (3d Cir. 2003), we noted the requirements of 8 U.S.C. § 1252(d)(1) compelled the conclusion that "an alien is required to raise and exhaust his or her remedies as to each claim or ground for relief if he or she is to preserve the right of judicial review of that claim." The petitioner in Abdulrahman, similar to Gichuhi in this case, asserted that the IJ applied an incorrect standard to his adjudicate his claim. We determined that "because Abdulrahman failed to raise that issue in his appeal to the Board, we do not have jurisdiction to consider the question." Id. at 594. We hold that we lack jurisdiction over Gichuhi's petition because he did not raise either of his arguments before the BIA.

III.

For the foregoing reasons, we will dismiss the petition for review.

6